UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAVID E. HOLSCHEN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV02219 AGF |
| | ) | |
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION 513 PENSION FUND, and JAMIE L. REYES-JONES, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant Pension Fund for joinder of Janet Holschen as an indispensable party under Federal Rule of Civil Procedure 19. Plaintiff David Holschen filed this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, against his ERISA-governed Pension Fund and its fiduciary. Plaintiff claims that, in light of the terms of a state court's decree of dissolution of his marriage, Defendants miscalculated the benefits due him and were overpaying the benefits due his ex-wife, Janet Holschen.

The Court agrees that Janet Holschen is an indispensable party to this action. See Jones v. Am. Airlines, Inc., 57 F.Supp. 2d 1224, 1239-40 (dismissing case due to ERISA plan beneficiary's failure to join his ex-wife in action claiming that plan was misapplying state dissolution decree and as a result overpaying benefits to his ex-wife).

Indeed, in its motion for joinder of Janet Holschen, the Pension Fund states that Plaintiff has no objection to this joinder. Plaintiff, however, has not submitted an amended complaint adding his ex-wife as a defendant. See Sladek v. Bell Sys. Mgmt Pension Plan, 880 F.2d 972, 980 (7th Cir. 1989) (holding that it was plaintiff's obligation to add husband as a defendant in action against ERISA pension fund where wife claimed that she was due higher benefits and husband was due less benefits).

Accordingly,

**IT IS HEREBY ORDERED** that the Pension Fund's motion for joinder is **GRANTED**. [Doc. #16]

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including July 5, 2006, to file an amended pleading adding Janet Holschen as a defendant. Failure to comply with this Order may result in the dismissal without prejudice of Plaintiff's action.

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of June, 2006